# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES REYNOLDS | * | |
| **PLAINTIFF** | | **CIVIL ACTION** |
| | * | |
| **v.** | | |
| | * | **FILE NO:** |
| PORTFOLIO RECOVERY | | **Jury Trial Demanded** |
| ASSOCIATES, LLC, HSBC BANK | * | |
| NEVADA, NA, EXPERIAN | | |
| INFORMATION SOLUTIONS, INC., | * | |
| and TRANSUNION, LLC | | |
| **DEFENDANTS** | * | |

## COMPLAINT

COMES NOW James Reynolds, hereinafter designated and referred to as Plaintiff, and brings this his action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.A. § 1681, et. seq., violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C.A. § 1692, et. seq., violation of the Georgia Fair Business Practices Act ("GFBPA") O.G.C.A. § 10-1-393 et, seq., and declaratory relief as against Portfolio Recovery Associates, LLC, HSBC Bank Nevada, NA, Experian Information Solutions, Inc., and TransUnion, LLC, hereinafter designated and referred to as individual Defendant or collectively as Defendants, and for cause respectfully shows as follows:

## PARTIES

### 1.

Plaintiff is a natural person who resides in Columbus, Muscogee County, Georgia, in the Middle District of Georgia, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. § 1692a(5).

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

1 of 15

Plaintiff is a resident and citizen of the State of Georgia and of the United States. Plaintiff is also a "consumer" as defined by § 1681a(c) of the FCRA.

2.

Defendant Portfolio Recovery Associates, LLC ("Portfolio") is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business or whose corporate citizenship is in the State of Virginia and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

3.

Portfolio is also a furnisher of information as contemplated by the FCRA § 1681s-2(a) and (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

Portfolio may be served with process through its Registered Agent for service of process, Judith Sugg Scott, 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502 (Norfolk County).

4.

Upon information and belief, Experian Information Solutions, Inc. ("Experian") is a foreign corporation licensed to do business in the State of Georgia.

Experian may be served through its Registered Agent for service of process, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361 (Fulton County).

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

2 of 15

5.

Experian is a consumer reporting agency, as designed in § 1681f of the FCRA, regularly engaged in the business of assembling, evaluated, and dispersing information concerning consumers for the purpose of furnishing consumer reports as defined in § 1681a(d) of the FCRA to third parties.

6.

Defendant TransUnion, LLC ("TransUnion") is a Delaware limited liability company, licensed to do business in the State of Georgia.

TransUnion may be served with process through its Registered Agent for service of process, Prentice-Hall Corporation System, 40 Technology Parkway South, #300, Norcross, Georgia 30092 (Gwinett County).

7.

TransUnion is a consumer reporting agency, as designed in § 1681f of the FCRA, regularly engaged in the business of assembling, evaluated, and dispersing information concerning consumers for the purpose of furnishing consumer reports as defined in § 1681a(d) of the FCRA to third parties.

8.

Defendant HSBC Bank Nevada, NA ("HSBC") is a corporation that does business in the State of Georgia, and it is a furnisher of information as contemplated by FCRA § 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with a consumer, namely Plaintiff in the instant action.

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

3 of 15

HSBC may be served C/o Walter Menezes, 1441 Shilling Place, Salinas, California 93901 (Monterey County).

## JURISDICTION AND VENUE

9.

Jurisdiction of this Court arises under 15 U.S.C. §§ 1681p, 15 U.S.C. §§ 1692k(d), and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201. The United States District Court also has supplemental jurisdiction with regard to Plaintiff's state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

10.

Venue is proper, because many of the relevant events and/or activities damaged a consumer living within Muscogee County, Middle District of Georgia.

11.

This is an action brought by a consumer for violations of the FCRA, 15 U.S.C. §§ 1681-1681u, and the FDCPA, 15 U.S.C. §§ 1692 - 1692o, in connection with a defaulted debt, that does not belong to Plaintiff. Plaintiff seeks actual damages, statutory and punitive damages, and to the extent possible, injunctive and declaratory relief.

12.

The Plaintiff is a natural person residing in Muscogee County, Georgia.

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

4 of 15

13.

Portfolio was, at all times relevant to this Complaint, a company that was engaged in the business of collecting debts alleged to be due another (HSBC) in the State of Georgia which were purchased and collected pursuant to assignment of rights and collected from a location in another state. Upon knowledge and belief, Portfolio is a corporate citizen of the State of Virginia.

## REQUEST FOR TRIAL BY JURY

14.

Plaintiff requests a trial by jury.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

15.

Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or state laws, including Georgia.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEY'S FEES

16.

Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation in accordance with the provisions of the FCRA, the FDCPA, and/or other laws.

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

5 of 15

## GENERAL FACTUAL BASIS

### 17.

Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of Defendants.

### 18.

Plaintiff, then a student in pharmacy school, became delinquent in his obligation to pay HSBC and in time, HSBC referred the matter to NCB Management Services, Inc. ("NCB"), a third party debt collector.

### 19.

NCB and Plaintiff then entered into a compromise agreement under the terms of which the matter was settled in its entirety upon payment by Plaintiff of a sum certain in return for which the obligation was discharged.

### 20.

NCB at all times had apparent authority as agent of HSBC to transact business on its behalf and its actions are binding on its principal. After application of all payments under the agreement between Plaintiff and NCB's agent, HSBC, then cause the account to be placed with Portfolio, a third party debt collector, and reported to the consumer reporting agencies that the matter had been charged off at the balance remaining following the accord and satisfaction previously entered into between Plaintiff and NCB.

### 21.

Plaintiff then contacted HSBC in an attempt to resolve the matter but was referred to third party debt buyer, Portfolio.

22.

Portfolio undertook to insist that Plaintiff pay the remaining balance purported to be owed on the account upon which Plaintiff had achieved accord and satisfaction with the agent of HSBC.

23.

Plaintiff learned that his credit reports issued by the various consumer reporting agencies contained inaccurate information.

24.

Upon learning of errors, Plaintiff lodged disputes with the consumer reporting agencies.

25.

Plaintiff disputed an inaccurate account, reported to TransUnion and Experian. Plaintiff's disputes to the credit reporting agencies took place on March 7, 2009. Portfolio attributed to Plaintiff a derogatory account and rating which did not belong to Plaintiff and which should not have been attributed to Plaintiff.

26.

In response to Plaintiff's disputes, the consumer reporting agencies, TransUnion and Experian each, pursuant to 15 U.S.C. § 1681i(a), forwarded to Portfolio notification of Plaintiff's disputes and requested that Portfolio conduct a reinvestigation, per 15 U.S.C. § 1681s-2.

27.

Portfolio either failed to conduct such investigation or refused to conduct such investigation of the disputed information and, instead, updated Plaintiff's consumer reports to report false, inaccurate information and attributed same to Plaintiff.

Portfolio reported such information monthly on a regular cycle in accordance with its subscribership with the consumer reporting agencies.

28.

Portfolio has failed and refused to review all relevant information provided by and available through the consumer reporting agencies.

29.

Portfolio was further notified by Plaintiff with regard to his dispute and the inaccuracy of the information and that it was not Plaintiff's account. Portfolio nevertheless continued to report such inaccurate and false information regarding the Plaintiff.

30.

Portfolio was required to conduct a reasonable, timely, and more thorough reinvestigation of Plaintiff's disputes and respond to the consumer reporting agencies to whom it subscribed with willful, complete, and relevant information.

31.

Portfolio violated the mandates of 15 § U.S.C. 1681s-2(b), and Plaintiff has suffered damages as a result of those violations.

32.

Portfolio willfully violated the mandates of 15 U.S.C. § 1681s-2(b).

33.

Alternatively, Portfolio negligently violated the mandates of 15 U.S.C. § 1681s-2(b).

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

8 of 15

34.

Portfolio likewise violated the mandates of 15 U.S.C. § 1681s-2(a) and such violations form the basis of a negligence per se claim and an intentional tort, per se.

35.

Portfolio knew or should have known or consciously avoided knowing that the information had repeatedly reported about Plaintiff was false and improperly attributed to Plaintiff. Portfolio was further notified by Plaintiff of the errors and his disputes, yet Defendant failed to report such information as disputed to the consumer reporting agencies.

36.

Said information was negative and damaging to Plaintiff. Plaintiff sustained credit denials repeatedly. The publication of false consumer reports is evidenced in the inquiry section of the respective credit reports issued about Plaintiff.

37.

Portfolio is a "user" of credit information and "furnisher" of credit information as discussed in the FCRA.

38.

Portfolio is a "debt collector" as discussed in the FDCPA.

39.

Portfolio recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

9 of 15

40.

Portfolio's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress, and mental anguish.

41.

Portfolio was notified of its false reporting, however Portfolio continued to issue and/or publish report(s) to various consumer reporting agencies which contained erroneous, inaccurate, and false information about the Plaintiff.

42.

Portfolio also breached its various and multiple agreements and contracts with the consumer reporting agencies [and/or their affiliates] [collectively "consumer reporting agencies"], to whom it subscribed, by continuously reporting false credit information about Plaintiff.

43.

Portfolio was aware that its reporting and activities would [and will] damage Plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to his creditors.

44.

The consumer reporting agencies maintain subscriber contracts and relationships with Portfolio separately and individually, under which it is allowed to report credit data and have same placed in the credit reporting files and records of those entities so that such data may be further reported to any and all of the thousands of subscribing entities and persons.

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

10 of 15

45.

Under the subscriber contracts Portfolio owes a number of duties, including the duty to report truthful and accurate information about its customers and other consumers, including Plaintiff.

46.

Portfolio owed duties of reasonable care to Plaintiff.

47.

Portfolio failed to exercise reasonable care and prudence in each reporting and re-reporting, the handling and reinvestigation of data about Plaintiff, all made the subject of this lawsuit, and consequently caused damaged Plaintiff.

48.

Portfolio negligently impaired Plaintiff's credit rating and property rights in his credit reputation.

49.

Alternatively, Portfolio has, with willful intent to injure or maliciously, damaged Plaintiff's property rights in his credit reports and reputation and standing in the community.

50.

Portfolio recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

11 of 15

51.

Portfolio's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress, and mental anguish to Plaintiff.

52.

Portfolio was notified of inaccuracies by Plaintiff, however, the Defendant continued to issue and/or publish report(s) to third parties which contained inaccurate information about Plaintiff.

53.

Portfolio has defamed Plaintiff.

54.

Alternatively, Portfolio has, with willful intent to injure and/or maliciously, defamed Plaintiff.

55.

Portfolio has invaded Plaintiff's privacy.

56.

Alternatively, Portfolio has, with willful intent to injure and/or maliciously, invaded Plaintiff's privacy.

57.

Portfolio has intentionally inflicted humiliation and emotional distress and mental anguish on Plaintiff.

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

12 of 15

58.

Alternatively, Portfolio has, with willful intent to injure or maliciously, published such false and inaccurate information and severely damaged the personal and consumer reputation of Plaintiff and caused him to suffer severe humiliation, emotional distress and mental anguish.

59.

Portfolio has engaged in unfair and deceptive trade and business practices and is liable unto Plaintiff under state laws for those violations.

60.

Alternatively, Portfolio has, with willful intent to injure or maliciously, engaged in unfair and deceptive trade and business practices and is liable unto Plaintiff under various state laws for those violations.

61.

All of Portfolio's actions with regard to the infliction of humiliation, distress, mental anguish, anxiety, frustration, vexation, and other general damages were either intentional or in conscious disregard for the rights and sensibilities of Plaintiff.

62.

Misrepresenting consumers' financial indebtedness to others for falsely reporting credit histories are unfair and deceptive acts or practices that clearly fall within the parameters of the GFBPA, O.C.G.A. § 10-1-291, et. seq.

63.

Collection activities that are abusive and violative of the FDCPA are violative of the GFBPA as well.

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

13 of 15

64.

Portfolio is therefore liable over to Plaintiff for all actual damages, additional treble damages, punitive damages, attorney's fees, and expenses of litigation pursuant to O.C.G.A. § 10-1-399b and c.

65.

Plaintiff has provided Portfolio with the required thirty (30) day ante litem notice with offer to cure, but Defendant has failed to respond or effect cure.

66.

Portfolio is liable unto Plaintiff for all actual, statutory, exemplary, and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time attempted to repair her credit, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## PRAYERS

Wherefore, Plaintiff respectfully prays as follows:

(a) that Summons issue and Defendants be served as by law provided;

(b) that Plaintiff be awarded judgment for all reasonable damages allowed by law and all reasonable damages sustained by Plaintiff including, but not limited to, all actual, statutory, exemplary, and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

14 of 15

pocket expenses, credit denials, costs and time attempted to repair her credit, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid;

(c) that Plaintiff be awarded statutory damages for violation of the FDCPA and FCRA;

(d) that Plaintiff be awarded actual damages together with treble damages for violation of the GFBPA including punitive damages, attorney's fees, and expenses of litigation;

(e) that all issues triable by jury be tried by a jury;

(f) that all costs of this action be taxed to Defendants; and

(g) for such other and further relief as unto this Court may seem just and equitable in the premises.

This 9th day of April 2010.

/S/John W. Roper_____
John W. Roper

Prepared by:

John W. Roper
5353 Veterans Parkway, Suite A
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
State Bar No: 614159

Reynolds v. Portfolio Recovery Associates, LLC, et. al.
Complaint

15 of 15